# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE UNITED STATES and** | **CIVIL DOCKET** |
| **THE ADMINISTRATORS OF THE** | |
| **TULANE EDUCATIONAL FUND,** | |
| **Plaintiffs** | |
| | |
| **VERSUS** | **NO. 16-13987** |
| | |
| **CYTOGEL PHARMA, LLC,** | **SECTION: "E"** |
| **Defendant** | |

## ORDER AND REASONS

Before the Court is a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure filed by Counterclaim-Defendant The United States of America.[1] Counterclaim-Plaintiff Cytogel Pharma, LLC ("Cytogel") opposes the Government's motion.[2]

## BACKGROUND

On August 19, 2016, Plaintiffs, the United States of America and The Administrators of the Tulane Educational Fund, filed their complaint against Cytogel in an action for declaratory judgments of (1) patent ownership and (2) patent inventorship from Cytogel's repeated claims to sole ownership of U.S. Patent No. 8,716,436 B2 (the '436 Patent).[3] On September 7, 2016, Cytogel filed counterclaims against the Plaintiffs and Dr. James Zadina.[4] On November 7, 2016, the United States filed its motion to dismiss Counts 2, 3 and 8-13 of Cytogel's Counterclaims against it for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[5] On

---

[1] R. Doc. 31.
[2] R. Doc. 46.
[3] R. Doc. 1.
[4] R. Doc. 6.
[5] R. Doc. 31. Alternatively, the Government, in its motion to dismiss, moved for dismissal of these claims for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. R. Doc. 31, at 2.

December 9, 2016, Counterclaim-Plaintiff Cytogel Pharma, LLC, filed its opposition to the United States' motion to dismiss. [6]

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[7] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[8] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[9] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[10] "When, as here, grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should, if necessary, dismiss only under the former without reaching the question of failure to state a claim."[11]

## ANALYSIS

I.    Counts 2 and 3 of Cytogel's Counterclaim Against the Government

In Counts 2 and 3 of its Counterclaims, Cytogel alleges claims against Dr. Zadina, Tulane and the United States for infringement of the '958 Patent and the '578 Patent under 35 U.S.C. § 271(a).[12] In its motion to dismiss, the Government argues Section 271

---

[6] R. Doc. 46
[7] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[8] *See* Fed. R. Civ. P. 12(b)(1).
[9] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[10] *In re FEMA*, 668 F.3d at 287.
[11] *Valdery v. Louisiana Workforce Comm'n*, No. CIV.A. 15-01547, 2015 WL 5307390, at *1 (E.D. La. Sept. 10, 2015).
[12] R. Doc. 6, at 40.

does not create a cause of action against the government and that, although 28 U.S.C. § 1498 does create an infringement action for "reasonable and entire compensation" against the Government, Rule 13 does not permit an affirmative counterclaim seeking more than mere recoupment.[13] In its response to the Government's motion, Cytogel states it does not oppose the dismissal of Counts 2 and 3 against the Government but argues these claims should not be dismissed as to Tulane or Dr. Zadina.[14] Accordingly, the Government's motion to dismiss[15] Counts 2 and 3 is granted.

II.    Counts 8 to 13 of Cytogel's Counterclaim Against the Government

The Government argues Counts 8 to 13 of Cytogel's Counterclaim improperly allege tort claims against the Government and should be dismissed for lack of subject-matter jurisdiction.[16]

In its Opposition, Cytogel states it does not oppose the dismissal of Count 12 against the Government.[17] With respect to Counts 8-11 and 13, the Government argues claims which sound in tort are actionable against the United States only under the Federal Tort Claims Act (FTCA).[18] The Government maintains Counterclaims 8 to 11 and 13 allege claims only under state law and therefore the Court lacks jurisdiction to hear these claims.[19] Cytogel responds it is unnecessary to state that its claims are brought under the FTCA as "the FTCA does not *create* liability, it merely waives sovereign immunity to the extent that state-law would impose liability on a private individual in similar

---

[13] R. Doc. 31-2, at 9. The Government also argues Counterclaims 2 and 3 should be dismissed with respect to Dr. Zadina and Tulane pursuant to Rule 12(b)(1). *See* R. Doc. 31-2, at 20-21. This argument was not made by Dr. Zadina and Tulane in their motions to dismiss and as a result, the Court will not address this argument in this Order.
[14] R. Doc. 46, at 12 n.10.
[15] R. Doc. 31.
[16] R. Doc. 31-2, at 15-20.
[17] R. Doc. 46, at 12 n.10; *id.* at 22 n.17.
[18] *Id.* at 22.
[19] *Id.*

circumstances."[20] As a result, in its opposition, Cytogel states, "[I]f the Court determines that Cytogel's counterclaims should more explicitly state that they are brought pursuant to the waiver of sovereign immunity effected by the Federal Tort Claims Act, any such defect is easily cured by amendment, and Cytogel requests that the Court allow an opportunity for such an amendment."[21]

The Court should "freely give" leave to amend "when justice so requires."[22] "When it is apparent, however, that amendment will be futile, dismissal without leave to amend is appropriate."[23] The Government, in its motion to dismiss, states other arguments for dismissal of these claims which demonstrate that Cytogel's request for leave to amend its counterclaim with respect to these claims would be futile.

The Government correctly argues that Cytogel cannot properly assert tort counterclaims under the FTCA in response to the Complaint filed by the Government and Tulane.[24] It is uncontested that Cytogel did not exhaust its administrative remedies with respect to its counterclaims. It is also uncontested that compulsory counterclaims are an exception to the exhaustion of administrative remedies requirement of the FTCA, 28 U.S.C. § 2675(a).[25] The parties disagree, however, with respect to the meaning of compulsory counterclaims as it pertains to claims against the Government. Cytogel argues, "Generally, a counterclaim is compulsory if it 'arises out of the subject matter of plaintiff's legal claim.'"[26] More specifically, Cytogel maintains the Fifth Circuit has

---

[20] R. Doc. 46, at 14 (emphasis in original) (internal quotations omitted) (quoting *Myers v. United States*, 17 F.3d 890, 899 (6th Cir. 1994)).

[21] *Id.* at 14 n.13 (citing *U.S. ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)).

[22] Fed. R. Civ. P. 15(a)(2); *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013).

[23] *Valdery*, 2015 WL 5307390, at *2 (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).

[24] R. Doc. 31-2, at 22. The Government also argues Counterclaims 8 to 13 against Tulane and Dr. Zadina also should be dismissed because Cytogel cannot bring these claims without also including the Government which is a necessary and indispensable party. *Id.* at 24. This argument was not made by Dr. Zadina and Tulane in their motions to dismiss.

[25] *See United States v. Towers*, 1994 WL 382610, at *3 (E.D. La. July 15, 1994).

[26] R. Doc. 46, at 18 (citing *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1057 (5th Cir. 1992)).

explained that a counterclaim is compulsory if any of the following are true: (1) the issues of fact and law raised by the claim and counterclaim are largely the same; (2) *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; or (4) there is any logical relationship between the claim and the counterclaim.[27]

Rule 13(d) of the Federal Rules of Civil Procedure, however, "reaffirms the sovereign immunity principle by providing that it does not expand the right of a party to sue the United States."[28] "The United States cannot be sued, however, unless it specifically consents to be sued, either by statutory consent, or by instituting a suit to which a defendant may plead matters in recoupment."[29] "The sole exception to the requirement of administrative exhaustion applies 'to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim."[30] "This exception has been narrowly construed. With respect to counterclaims, the exception only applies to compulsory counterclaims filed in response to affirmative suits by the government which sound in tort."[31] In *Frederick*, the Fifth Circuit explained:

> Our conclusion is that when the sovereign sues it waives immunity as to claims of the defendant which assert maters in recoupment — arising out of the same transaction or occurrence which is the subject matter of the government's suit, and to the extent of defeating the government's claim but not to the extent of a judgment against the government which is affirmative

---

[27] *Id.* at 18-19 (citing *Park Club, Inc.*, 967 F.3d at 1057-58).

[28] *In re S. Scrap Material Co., L.L.C.*, 713 F. Supp. 2d 568, 582 (E.D. La. 2010) (citing FED. R. CIV. P. 13(d)).

[29] *Id.* (citing *United States v. Shaw*, 309 U.S. 495 (1940); *United States v. Frederick*, 386 F.2d 481, 488 (5th Cir. 1967)).

[30] *Kodar, LLC v. United States*, 879 F. Supp. 2d 218, 225 (D.R.I. 2012) (quoting 28 U.S.C. § 2675(a)).

[31] *Id.* at 225-226 (quotations and citations omitted). *See also Spawr v. United States*, 796 F.2d 279, 281 (9th Cir. 1986) (citing *United States v. Taylor*, 342 F. Supp. 715, 717 (D. Kan. 1972) ("Counterclaims under the F.T.C.A. have been permitted only when the principal action by the United States was in tort and the counterclaim was compulsory in nature.").

in the sense of involving relief different in kind or nature to that sought by the government's claims; but the sovereign does not waive immunity as to claims which do not meet the 'same transaction or occurrence test' nor to claims of a different form or nature than that sought by it as plaintiff nor to claims exceeding in amount that sought by it as plaintiff.[32]

In *Texas v. Caremark, Inc.*, the Fifth Circuit, interpreting *Frederick*, explained:

The [government] waives its sovereign immunity only to those compulsory counterclaims, however; that is those "arising out of the same transaction or occurrence which is the subject matter of the government's suit." Sovereign immunity is not waived as to permissive counter-claims, "which do not meet the 'same transaction or occurrence test' *nor* to [counter-]claims of a different form or nature than that sought by it as plaintiff *nor* to [counter-]claims exceeding in amount that sought by it as plaintiff."[33]

As the Government explains in its motion, "No part of the action brought by the [G]overnment in this case sounds in tort. It is entirely a declaratory-judgment action, and accordingly seeks no compensatory damages from Cytogel or another party."[34] As a result, Cytogel's counterclaims in tort are different in nature from the Government's allegation and assert more than recoupment and therefore are not considered to be compulsory counterclaims.[35]

Accordingly, the Government's motion to dismiss[36] for lack of subject-matter jurisdiction with respect to Counts 8 to 13 is granted.

---

[32] 386 F.2d at 488 (citations omitted).
[33] 584 F.3d 655 (alterations in original) (emphasis added) (quoting *Frederick*, 386 F.2d at 488).
[34] R. Doc. 31-2, at 16 (citing R. Doc. 1, at 18-19).
[35] *See Towers*, 1994 WL 382610, at *4 (citing *EEOC v. First National Bank of Jackson*, 614 F.2d 1004, 1006 (5th Cir. 1980)).
[36] R. Doc. 31.

## <u>CONCLUSION</u>

Accordingly; **IT IS ORDERED** that the Government's 12(b)(1) motion[37] with respect to Counterclaims 2, 3 and 8 to 15 against the Government is **GRANTED**.[38] Counterclaims 2,3 and 8 to 15 against the Government are hereby **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 6th day of February, 2017.

_Susie Morgan_
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[37] *Id.*
[38] R. Doc. 46, at 12 n.10.