UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE UNITED STATES and THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND<br><br>Plaintiffs,<br><br>v.<br><br>CYTOGEL PHARMA, LLC,<br><br>Defendant.<br><br>CYTOGEL PHARMA, LLC,<br><br>Counterclaim-Plaintiff<br><br>v.<br><br>JAMES E. ZADINA, THE UNITED STATES, and THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND<br><br>Counterclaim-Defendants | Civil Action No. 2:16-cv-13987<br><br>Section E<br>Judge Susie Morgan<br><br>Division 1<br>Magistrate Judge Janis van Meerveld |

## **MOTION FOR RECONSIDERATION**

Counterclaim-Plaintiff Cytogel Pharma, LLC ("Cytogel"), through undersigned counsel, respectfully moves the Court to reconsider, under Federal Rule of Civil Procedure 54(b), its interlocutory ruling dismissing Counts 8, 9, 10, 11, and 13 against the U.S. Department of Veteran Affairs ("VA") for lack of subject-matter jurisdiction, and allow these claims to proceed. *See* Doc No. 59.

As explained more fully in the accompanying memorandum, it appears that the Court held that sovereign immunity was not waived by the Federal Tort Claims Act because Cytogel had failed to exhaust administrative remedies, even though VA expressly stated in its briefing that it

was not seeking dismissal on this ground. Additionally, in determining that the compulsory-counterclaim exception to the exhaustion requirement did not apply, the Court applied an erroneous legal standard to conclude that Cytogel's counterclaims are not compulsory. Finally, the Court held that VA had not waived sovereign immunity as to Cytogel's counterclaims by filing suit against Cytogel, but did not fully consider the separate and independent grounds for waiver under the Federal Tort Claims Act.

The Court has authority under Rule 54(b) to reconsider, rescind, or modify an interlocutory order for any reason it deems sufficient. *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981 Unit A). At this early stage in the proceedings, any interest in finality is outweighed by "the need to render just decisions on the basis of all the facts"—particularly in matters concerning subject-matter jurisdiction. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993); *see Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Because reconsideration is necessary "to correct a manifest error of law" and "to prevent injustice," *Southern Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013), it should be granted.

Respectfully submitted,

*/s/ Bryan C. Reuter*
Richard C. Stanley (La. Bar No. 8487)
Bryan C. Reuter (La. Bar No. 23910
Eva J. Dossier (La. Bar No. 35753)
STANLEY, REUTER, ROSS, THORNTON &
  ALFORD, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, LA 70112
Telephone: (504) 523-1580
Facsimile: (504) 524-0069
rcs@stanleyreuter.com
bcr@stanleyreuter.com
ejd@stanleyreuter.com

George G. Gordon
Joseph J. Gribbin
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000
george.gordon@dechert.com
joseph.gribbin@dechert.com

Jonathan D. Loeb
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040
(650) 813-4800
jonathan.loeb@dechert.com

Katherine M. Wyman
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
katherine.wyman@dechert.com

*Counsel for Cytogel Pharma, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of February, 2017, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.  I further certify that I mailed the foregoing document and the notice of electronic filing by first class U.S. mail to any non-CM/ECF participants.

*/s/ Bryan C. Reuter*
