UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ET AL. | * | CIVIL ACTION NO. 16-13987 |
| | * | |
| | * | SECTION: "E"(1) |
| VERSUS | * | |
| | * | JUDGE SUSIE MORGAN |
| | * | |
| CYTOGEL PHARMA, LLC | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion for Entry of Protective Order filed by plaintiff the Administrators of the Tulane Educational Fund ("Tulane"), and joined by plaintiff the United States acting through its Department of Veterans Affairs (the "United States" or "VA" and with Tulane, the "Plaintiffs") (Rec. Doc. 102). For the following reasons, the Motion is GRANTED in part and DENIED in part. The Parties shall submit by ex parte motion a new proposed Protective Order in accordance with the Court's ruling herein, within 7 days. Oral argument scheduled for November 1, 2017, is CANCELLED.

Background

This lawsuit was filed by the Plaintiffs against defendant Cytogel Pharma, LLC ("Cytogel") seeking a ruling that Plaintiffs are the sole owners of U.S. Patent No. 8,716,436 (the "436 Patent") and related patent applications and that counter-claim defendant Dr. James E. Zadina ("Dr. Zadina") and his colleague Dr. Laszlo Hackler are the true inventors of the 436 Patent. In its counterclaim, Cytogel alleges that Tulane, the United States, and Dr. Zadina misappropriated its trade secrets and confidential information. Cytogel alleges that Tulane licensed its patented opioid-peptide technology to Cytogel and that Cytogel retained Dr. Zadina, a Tulane professor, as a

1

consultant regarding the development of opioid compounds. Cytogel alleges that the 436 Patent was developed by Dr. Zadina using confidential Cytogel information. Cytogel seeks a declaratory judgment that it is the owner of the 436 Patent and also asserts claims for breach of contract, infringement of other patents, misappropriation of trade secrets and other state law claims.

Discovery Issue

The parties agree that a protective order is appropriate in this case to protect confidential documents. However, they have come to an impasse regarding certain provisions of a protective order.

The proposed Protective Order provides for two types of confidential information: "Protected Information" and "Protected Information – Attorneys' Eyes Only." Paragraph 7 of the proposed order lists the persons to whom "Protected Information" may be disclosed. Paragraph 8 lists the persons to whom "Protected Information – Attorneys' Eyes Only" may be disclosed by reference to the subparagraphs of Paragraph 7 that refer to "outside counsel," "consultant or independent expert," "litigation support services," "witnesses in any deposition or other proceeding in this Action," and "the Court." Although Protected Information can be disclosed to "in-house counsel" and "designated employees," Protected Information-Attorneys' Eyes Only cannot be disclosed to these categories of persons. Cytogel proposes to use the term "Designated Information" to refer to both Protected Information and Protected Information—Attorneys' Eyes Only.

1. *Outside Counsel*

The first issue the parties dispute is the description of "outside counsel" for purposes of Paragraph 7 and 8. Tulane proposes the following: "outside attorneys for the Parties in the Action." Cytogel proposes instead "outside counsel of record for Parties in this Action" and "outside

counsel whom the Parties may consult regarding this Action who have executed an agreement in the form of Exhibit A attached hereto." A correlating change proposed by Cytogel in Paragraph 9 would require that the designating party be provided with notice and an executed copy of Exhibit A for outside counsel covered by its proposed subparagraph (ii). If the other party objects, Paragraph 9 requires that the party object within five business days and that the party attempt to negotiate the issue prior to coming to court.

Tulane complains that Cytogel's proposal would allow any attorney to review the protected materials, even a Cytogel board member[1] or competitor as long as that person was an attorney. Tulane further complains that the proposed change would allow disclosure of Plaintiffs' information without ever telling the Plaintiffs or allowing them an opportunity to object. They point out that the proposed Protective Order provides a procedure for disclosure of Attorneys' Eyes Only information to individuals not listed in Paragraph 8. That procedure requires that prior to disclosure to a consultant, the party must provide the other parties with notice and an opportunity to object. The notice must include the person's name and title, present employer, a curriculum vitae, and a copy of Exhibit A.

Cytogel responds that it must be allowed to consult with other outside counsel of its choosing about the litigation. Cytogel points out that its proposal would not result in disclosure without anyone "ever telling Plaintiffs" since its change to Paragraph 9 would require notice to the designating party. Cytogel adds that it would agree to incorporate a waiting period of 2 business days between notice and disclosure so each proposed person can be considered between the parties on a case by case basis. Cytogel adds that Tulane improperly references the mechanism for disclosing Designated Information to people who are not covered explicitly by the Protective

---

[1] Tulane points out that Cytogel's board member Joseph J. Rucci, Jr., is an attorney who acted as outside counsel with regards to certain preliminary matters related to this dispute.

Order. Cytogel points out that this provision only applies to consultants, and Tulane has taken the position that consulting attorneys would not be covered.

Both parties present reasonable concerns. The Court finds the best resolution is that non-record outside counsel be included in the Protective Order, but that such outside counsel who is not counsel of record be subject to the Paragraph 9 procedure for consultants (that is, prior notice with an opportunity to object). Accordingly, it appears this could be achieved by (1) incorporating Cytogel's proposed changes to the definition of outside counsel, and (2) deleting Cytogel's changes to Paragraphs 9(b) and 9(c), and instead making the original Paragraphs 9(b) and 9(c) applicable to both new Paragraphs 7(b) and 7(e).

2. *Affiliates*

The second issue the parties dispute is the definition of "witnesses in any deposition or other proceeding in this Action," a category of individuals that can review both Protected Information and Protected Information – Attorneys' Eyes Only. Tulane proposes the following definition: "witnesses in any deposition or other proceeding in this Action who are from the face of the discovery material, or are otherwise first established or agreed to be, an author or recipient or someone with access to the discovery materials or the Protected Information contained therein." Cytogel seeks to expand this definition to include:

> witnesses in any deposition or other proceeding in this Action who are from the face of the discovery material, or are otherwise first established or as agreed, are or were, during the events related to this Action (i) an author or recipient or someone with access to the discovery materials or the Protected Information contained therein, or (ii) employed by or affiliated with the party that produced the discovery materials or the Protected Information contained therein . . . .

Tulane is concerned that this addition would allow disclosure of its confidential documents to anyone who ever worked for Tulane or had been a Tulane graduate student, regardless of the time

4

those individuals were at Tulane or the scope of their employment or studies, and regardless of who they might be employed with now.

Cytogel responds that its proposed change is intended to allow it to question individuals who worked with Dr. Zadina on his endomorphin research, which Cytogel contends included a secret research project designed to develop competing compounds for Tulane and the VA.

Some of Tulane's concerns are overstated. Cytogel's desire to show certain Designated Information to affiliated witnesses is reasonable. The affiliates implicated by Cytogel's proposed addition to the Protective Order must not simply be affiliates or employees, but must also be a witness in a deposition or other proceeding in this Action. This limits the potential affiliates to individuals related to the case. Nonetheless, the possibility that Designated Information could be shown to a person who is now employed by a competitor or is a witness but does not actually have any need to review Designated Information, is a real concern.

Accordingly, individuals "employed by or affiliated with the party that produced the discovery materials" shall be included as persons who can review Designated Information, however, the parties shall confer and attempt to limit the definition of "affiliates." Unless the definition of affiliate can be narrowed to all parties' satisfaction, affiliates and employees shall be subject to 9(b) and 9(c) so that the designating party has an opportunity to object prior to disclosure. Finally, the Court finds it would be appropriate to require all witnesses referred to in Paragraph 7(f) to sign a copy of Exhibit A.

   3. *Witnesses*

The third issue concerns the use of documents in open court. The provision provides that the parties will use reasonable efforts not to use Designated Information in open court. If such information must be used, the provision requires that party to notify the other parties of its intent

5

prior to disclosing the information in open court so that steps can be taken to protect confidentiality. Cytogel proposes adding:

> In the event that any party intends to disclose Designated Information in open Court to a witness not otherwise authorized to view such information, that party will provide the other parties with reasonable notice of its intent. Such reasonable notice will include sufficient time for the other parties to review the Designated Information with the witness, where appropriate, prior to the commencement of the proceeding in open Court.

Tulane complains that this provision amounts to a trap door that would allow a party to disclose Designated Information to anyone as long as they intended to disclose the information in open court at some time. For example, Tulane says that Cytogel has already indicated it will use this provision to disclose Attorneys' Eyes Only information to Cytogel's CEO who will be a witness at trial. They say notification "when appropriate" is vague. Tulane complains that the provision does not provide the designating party any way to prevent such disclosure. Again, Tulane points out that in Paragraph 9, the proposed Protective Order provides a procedure to obtain prior consent if a party wishes to disclose Designated Information to an individual not included in Paragraphs 7 or 8. Tulane adds that the proposed Protective Order requires that the parties work together in good faith to resolve issues arising during deposition.

Cytogel responds that without its addition, a party would be allowed to confront a witness at trial with documents that witness had never seen. Cytogel again responds that the Paragraph 9 mechanism is limited to consultants, so it would not be available for trial preparation of witnesses.

The Court finds that Cytogel's proposal to incorporate disclosure of materials to trial witnesses to be reasonable and necessary to an orderly preparation for trial. Tulane may be misreading the provision. As written, if Tulane ("that party") plans to show Protected Information to a Cytogel witness at trial who was not previously authorized to review such Protected Information, then Tulane must notify Cytogel (the "other party") in advance, so that Cytogel

("other party") may show that Protected Information to its witness in advance of trial. Cytogel's language clearly contemplates the documents being shown in advance to a witness for the other side. "Such reasonable notice will include sufficient time for the other parties to review the Designated Information with the witness." This provision would not allow Cytogel to independently disclose Protected Information to *its* trial witnesses who are not otherwise entitled to review such information. To the extent Cytogel would do so, such disclosure would not be in compliance with the Protective Order. The provision shall be incorporated, with clarifications as follows:

> In the event that any party intends to disclose Designated Information in open Court to a witness not otherwise authorized to view such information, that party will provide the other parties with reasonable notice of the information to be disclosed and the witness(es) to whom it is intended to be disclosed. Such reasonable notice will include sufficient time for the other parties to review the identified Designated Information with the identified witness(es), where appropriate, prior to the commencement of the proceeding in open Court. For avoidance of doubt, this provision only allows disclosure of identified Designated Information to the identified witness(es) and does not authorize the disclosure of Designated Information to a party's own witnesses who are not otherwise authorized to view such information.

<u>Conclusion</u>

For the foregoing reasons, the Motion for Entry of a Protective Order is GRANTED in part and DENIED in part. The Parties shall submit by ex parte motion a new proposed Protective Order in accordance with the Court's ruling herein, within 7 days.

New Orleans, Louisiana, this 1st day of November, 2017.

_____
Janis van Meerveld
United States Magistrate Judge