UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND, ET AL. | * | CIVIL ACTION NO. 16-13987 |
|---|---|---|
| | * | |
| | * | SECTION: "E"(1) |
| VERSUS | * | |
| | * | JUDGE SUSIE MORGAN |
| CYTOGEL PHARMA, LLC | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion to Determine Sufficiency of Responses to Requests for Admission and to Compel Responses to Interrogatories filed by Cytogel Pharma, LLC ("Cytogel"). (Rec. Doc. 221). Because the Court finds the discovery responses of the Administrators of the Tulane Educational Fund ("Tulane") and Dr. James E. Zadina to be sufficient, the Motion is DENIED.

Background

The factual background of this case has been previously described by this Court in its Order and Reasons of June 26, 2018, granting an earlier Motion to Compel filed by Cytogel. (Rec. Doc. 197). In brief summary, this case concerns the ownership of patent rights in certain opioid substitutes. In ruling on the earlier Motion to Compel, this Court required that Tulane and Dr. Zadina supplement their responses to Cytogel's Second Set of Interrogatories and First Set of Requests for Production of Documents. Those supplemental responses are at issue here.

Law and Analysis

*1. Waiver*

As a preliminary matter, the Court addresses Cytogel's argument that Tulane and Dr. Zadina waived the objections they now raise by failing to raise them in their original responses. It is certainly true that in some instances, a party's failure to timely respond to discovery can result in a finding that the party has waived its objections. See Fed. R. Civ. Proc. 33 ("Any ground not stated in a timely objection is waived, unless the court, for good cause, excuses the failure."); In re U.S., 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). Where a party merely raises an objection to the number of interrogatories and fails to make substantive objections until after the court overrules the objection, courts have held the substantive objections were waived. India Brewing, Inc. v. Miller Brewing Co., 237 F.R.D. 190, 194 (E.D. Wis. 2006) (holding that where party objected to interrogatories on the ground that they exceeded the permitted number and attempted to reserve further objections, the party waived any other objections by failing to state them with specificity); Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 665 (D. Kan. 2004) ("The Rule makes no exception for untimely objections merely because a timely objection to the number of interrogatories has been lodged.").

Here, however, the Court finds that Tulane and Dr. Zadina have not waived their objections. Not only did Tulane and Dr. Zadina previously object to the number of interrogatories, but they also objected that the interrogatories and requests for admission were unclear.

*2. Interrogatories*

Cytogel complains that Tulane and Dr. Zadina's responses to Interrogatories 11, 12, and 16 improperly direct Cytogel to 14,000 pages of lab notebooks produced by 19 different individuals. Pursuant to Federal Rule of Civil Procedure 33(d),

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
> **(1)** specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . .

This subdivision of the Rule was adopted "to protect a party from being required to engage in burdensome or expensive research into his own business records in order to give an answer" by "placing the burden of discovery upon its potential benefittee." Fed. R. Civ. Proc. 33 advisory committee notes to the 1970 amendment (quotation omitted). The requirement that the burden of ascertaining the answer be the same for either side is intended to protect the requesting party from abusive use of the provision. Id. Thus, "[a] respondant may not impose on an interrogating party a mass of records as to which research is feasible only for one familiar with the records." Id. Further, the responding party must offer the records in a manner that "permits the same direct and economical access that is available to a party," including providing any abstracts or summaries that are available. Id. R. 33 advisory committee notes to 1980 amendment. Thus, the rule also requires that the responding party specify the records that must be reviewed. Id. R. 33(d)(1).

The Court finds that Dr. Zadina and Tulane have properly invoked Rule 33(d) here. The laboratory notebooks contain all the testing data for tests done by Tulane and Dr. Zadina. Cytogel has asked Tulane and Dr. Zadina to identify certain test results. The burden of identifying the compounds and the testing done on the compounds is the same for Dr. Zadina and Tulane as it is

3

for Cytogel. Cytogel is just as familiar with the area of research as Tulane and Dr. Zadina. Cytogel has failed to explain with any specificity why Dr. Zadina and Tulane would be able to compile the information Cytogel seeks more readily than Cytogel. The Court will not compel Tulane and Dr. Zadina to do so.

Cytogel also complains that Tulane and Dr. Zadina interpret the phrase in its interrogatories "the compounds disclosed in the '436 Patent" as referring to all the compounds disclosed in the '436 Patent, including those compounds that were incorporated by reference. Tulane and Dr. Zadina's reading of that phrase is not unreasonable. If Cytogel meant the interrogatory to refer to some subset of the compounds disclosed in the '436 Patent, it should have specified those compounds in its original interrogatory. Tulane is not required to answer a different interrogatory than the one that was asked.

   3. *Requests for Admission*

Cytogel also challenges Tulane and Dr. Zadina's responses to Requests for Admission 1 through 9 as insufficient. Under Rule 36, if a party is not admitting a request for admission, it must "deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. Proc. 36(a)(4). Any "denial must fairly respond to the substance of the matter . . . ." <u>Id.</u> "When good faith require that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." <u>Id.</u> A party's failure to admit a matter that is later proven true can result in award of reasonable expenses incurred by the requesting party in making that proof. Fed. R. Civ. Proc. 37(c)(2). As Cytogel points out, "[t]he purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." <u>Asea, Inc. v. S. Pac. Transp. Co.</u>, 669 F.2d 1242, 1245 (9th Cir. 1981).

4

First, Cytogel challenges Dr. Zadina's response to Requests for Admission 1 and 2, which both object that the requests seek information outside the scope of Dr. Zadina's personal knowledge and deny the request. The requests ask Dr. Zadina to admit that John Christie, an executive of Tulane, reviewed (Request 1) and/or approved (Request 2) "the Consulting Agreement between Dr. Zadina and Cytogel because it was executed on or about June 21, 2007." Cytogel points out that in Dr. Zadina's deposition, he reported that he had provided a draft of the agreement to Mr. Christie. But this knowledge is not necessarily the same as knowledge regarding what Mr. Christie reviewed and approved. While it is possible that Dr. Zadina knew whether or not Mr. Christie reviewed or approved the agreement, it is not unreasonable for Dr. Zadina not to know.

Moreover, the Court must sustain Tulane and Dr. Zadina's objection that Requests for Admission 1 and 2 are vague because they do not specify the version or draft of the consulting agreement to which they refer. If Cytogel wanted to know if Mr. Christie reviewed and/or approved the agreement in the form that Dr. Zadina executed, it should have specified that it was referring to that document. If Cytogel wanted to know whether Mr. Christie reviewed and/or approved the draft of the agreement that Dr. Zadina provided to Mr. Christie, it should have specified that.

In the response to Request for Admission 3, each Tulane and Dr. Zadina explain that the request as written covers a time period that results in the response to the request being a denial. In response to Tulane and Dr. Zadina's objections, Cytogel sought to clarify the time period to a more recent time period. Cytogel also argues that Tulane and Dr. Zadina should have specified the time period for which they could admit the request. The Court agrees that Tulane and Dr. Zadina could have done so. But, the Court declines to find that, in this case, they <u>must</u> do so. This is not the case of a request for admission that is easily admitted in part and denied in part. It is the case of an

5

inartfully drafted request for admission resulting in a response that Cytogel was not looking for. It is not the obligation of Tulane and Dr. Zadina to re-write the request to provide Cytogel with the response it seeks.

Similarly, the primary objection raised by Tulane and Dr. Zadina to Requests for Admission 4 through 9 is that they are ambiguous in their use of the term "non-public information." Cytogel points to deposition testimony of Dr. Zadina and argues that it is undisputed that Cytogel provided information to Dr. Zadina that he was obligated to keep confidential. In doing so, Cytogel reveals the problem with its original request by changing "non-public information" to "information that Dr. Zadina was obligated to keep confidential." Thus, in Request for Admission 4, had Cytogel asked if Cytogel had provided Dr. Zadina with information that Dr. Zadina was obligated to keep confidential, rather than using the term "non-public information," it appears that the request would have been admitted. Dr. Zadina's alleged use of Cytogel's proprietary information is at the heart of this case. Since the parties first came before the undersigned with a discovery dispute more than six months ago, Dr. Zadina and Tulane have been trying to determine what specific information Cytogel claims that Dr. Zadina improperly used. As Tulane and Dr. Zadina point out, the term "non-public information" might mean "confidential" information or "trade secret" information. It might mean information that Cytogel told Dr. Zadina not to disclose. The term is so critical to this litigation, that it is impossible for Dr. Zadina and Tulane to admit or deny the request without a clear understanding of the meaning of the term and the specific information it implicates. Again, this is not a case of a request for admission that can be admitted in part. These requests were inartfully drafted, and Tulane and Dr. Zadina will not be compelled to rewrite the requests for their adversary.

Further, the Court adds that the discovery deadline passed almost three months ago and trial is less than four months away. There is no doubt the trial will be complicated. As Cytogel points out, the purpose of requests for admission is to narrow the issues for trial. Here, the Court finds that even if the Court were to provide clarifications and order Tulane to revise its responses, or even if the Court deemed the requests as written to be admitted, the issues for trial would not be narrowed.

## Conclusion

For the foregoing reasons, the Motion to Determine Sufficiency of Responses to Requests for Admission and to Compel Responses to Interrogatories is denied.

New Orleans, Louisiana, this 17th day of August, 2018.

                                        Janis van Meerveld
                                    United States Magistrate Judge