UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE UNITED STATES and THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND, Plaintiffs | CIVIL DOCKET |
| VERSUS | NO. 16-13987 |
| CYTOGEL PHARMA, LLC, Defendant | SECTION: "E" |

## ORDER AND REASONS

Before the Court is Plaintiff the United States' Motion to Dismiss Counts 10 and 13[1] of the First Amended and Restated Counterclaims by Defendant Cytogel Pharma, LLC ("Cytogel") under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[2] Cytogel opposes this motion as to Count 10, but not as to Count 13.[3] Cytogel brings Count 10 against the United States pursuant to the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"). For the reasons that follow, the Court construes the motion as a motion to dismiss Counts 10 and 13 of Cytogel's Second Amended and Restated Counterclaims pursuant to Rule 12(b)(1) and orders that the motion is **GRANTED**.

## BACKGROUND

In the 1990s, Counterclaim Defendant Dr. James E. Zadina and his colleagues at Tulane University researched and developed opioid compounds related to endomorphins, which are opioid peptides found naturally in the human body.[4] Based on their research, Plaintiff the Administrators of the Tulane Educational Fund ("Tulane") obtained two

---

[1] In its Order and Reasons of March 28, 2017, this Court granted the United States' Motion to Dismiss Count 11 of Cytogel's counterclaims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Because Count 11 already has been dismissed, the Court will not address Count 11 in this Order and Reasons.
[2] R. Doc. 76.
[3] R. Doc. 81.
[4] R. Doc. 1 at 4–5, ¶ 14–16; R. Doc. 68 at 7, ¶ 16.

1

patents, U.S. Patent Nos. 5,885,958 ("the '958 Patent") and 6,303,578 ("the '578 Patent"), claiming these compounds.[5] On December 1, 2003, Tulane licensed the patents to Cytogel.[6] After Tulane and Cytogel signed the Licensing Agreement, Dr. Zadina began performing consulting work for Cytogel.[7] He advised Cytogel on the development of Cyt-1010, another synthetic opioid peptide, for commercial use as an analgesic.[8]

Dr. Zadina was a joint employee of Tulane and the Department of Veterans Affairs ("VA").[9] He and his colleague Dr. Laszlo Hackler developed new synthetic opioid compounds for Tulane and the VA.[10] Drs. Zadina and Hackler applied for a patent for these compounds and assigned their ownership rights in the pending patent to Tulane and the VA.[11] The application resulted in U.S. Patent No. 8,716,436 B2 ("'436 Patent"), which issued on May 6, 2014 and lists Drs. Zadina and Hackler as co-inventors.[12] Cytogel alleges Dr. Zadina secretly developed the compounds covered by the '436 Patent while acting as a consultant to Cytogel.[13] Cytogel asserts the compounds covered by the '436 Patent are related to Cyt-1010 and result from Dr. Zadina's consulting work.[14] As a result, Cytogel claims ownership of the '436 Patent.[15]

On August 19, 2016, Plaintiffs the United States of America and the Administrators of the Tulane Educational Fund ("Tulane"), filed suit against Cytogel for declaratory judgments of ownership and inventorship of the '436 Patent and related applications.[16]

---

[5] R. Doc. 1 at 5–6, ¶ 17–19; R. Doc. 68 at 7, ¶ 16.
[6] R. Doc. 1 at 6, ¶ 20; R. Doc. 68 at 7, ¶ 17.
[7] R. Doc. 1 at 6–9, ¶ 24–36; R. Doc. 68 at 8, ¶ 19.
[8] R. Doc. 1 at 6, ¶ 20–21; R. Doc. 68 at 10, ¶ 30.
[9] R. Doc. 1 at 3, ¶ 10–11; R. Doc. 68 at 5, ¶ 10.
[10] R. Doc. 1 at 9–10, ¶ 38–41; R. Doc. 68 at 16–19, ¶ 45–56.
[11] R. Doc. 1 at 11–12, ¶ 43–47; R. Doc. 68 at 18, ¶ 54.
[12] R. Doc. 1 at 11–12, ¶ 43–47; R. Doc. 68 at 19, ¶ 57.
[13] R. Doc. 68 at 20, ¶ 61.
[14] *Id.* at 16–17, ¶ 45–50.
[15] *Id.* at 26, ¶ 78.
[16] R. Doc. 1.

On September 7, 2016, Cytogel filed thirteen counterclaims against Plaintiffs Tulane and the United States, joining Dr. Zadina as Counterclaim Defendant.[17] Cytogel brought Count 10 of its counterclaims alleging a violation of the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA") against Tulane, Dr. Zadina, and the United States.[18] Cytogel brought Count 13, alleging unjust enrichment, against Tulane and the United States.[19]

On November 7, 2016, the United States filed a motion to dismiss Counts 2, 3, and 8–13 of Cytogel's counterclaims as to the United States pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[20] On February 6, 2017, the Court granted the United States' motion.[21] The Court denied Cytogel's request to amend its counterclaims to state explicitly its counterclaims are brought pursuant to the waiver of sovereign immunity effected by the Federal Tort Claims Act ("FTCA").[22] On February 21, 2017, Cytogel filed a Motion to Reconsider the Court's Order of February 6, 2017 pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[23] On March 28, 2017, the Court, vacated its Order of February 6, 2017 with respect to Counts 8–11 and 13 of Cytogel's counterclaims.[24] The Court denied the motion as to Counts 8, 9, and 13, granted the motion as to Count 11, and deferred ruling on Count 10.[25]

The Court did not rule on the United States' motion to dismiss Count 10 of Cytogel's counterclaims, which is Cytogel's LUTPA claim, because the Court could not

---

[17] R. Doc. 6.
[18] *Id.* at 40.
[19] *Id.* at 46.
[20] R. Doc. 31.
[21] *Id.*
[22] *Id.* at 3–4.
[23] R. Doc. 60.
[24] R. Doc. 67.
[25] *Id.*

determine from Cytogel's pleadings whether sovereign immunity under the FTCA extends to the claim.[26] Specifically, the Court could not determine whether the exception to FTCA's waiver of sovereign immunity for tort claims arising out of misrepresentation or deception applies to this claim.[27] The Court deferred ruling on the motion dismiss Count 10 to allow Cytogel to amend its counterclaims to add more detail about the basis for its LUTPA claim against the United States.[28]

Cytogel filed its First Amended and Restated Counterclaims on April 11, 2017.[29] Cytogel alleges Dr. Zadina, Tulane, and the VA acquired and improperly used "Cytogel's confidential information and trade secrets" and "engaged in a long-term and concerted attempt to conceal their misconduct and delay its discovery by Cytogel."[30] On May 2, 2017, the United States filed the instant motion to dismiss Counts 10 and 13 of Cytogel's First Amended and Restated Counterclaims.[31] On May 23, 2017, Cytogel opposed the motion as to Count 10, but not as to Count 13.[32]

On July 23, 2018, Cytogel filed its First Amended and Restated Affirmative Defenses and Second Amended and Restated Counterclaims.[33] Count 10 of Cytogel's Second Amended and Restated Counterclaims is substantially identical to Count 10 of Cytogel's First Amended and Restated Counterclaims.[34] As a result, the Court construes

---

[26] *Id.* at 11.
[27] *Id.*
[28] *Id.*
[29] R. Doc. 68. On April 13, 2017, the Court denied as moot the United States' motion to dismiss Count 10 of Cytogel's counterclaims prior to Cytogel's amendment. R. Doc. 69.
[30] R. Doc. 68 at ¶ 132, 135.
[31] R. Doc. 76.
[32] R. Doc. 81.
[33] R. Doc. 220.
[34] *Id.* at 40–42, ¶ 134–40; 46–47, ¶ 162–68.

4

the instant motion as a motion to dismiss Count 10 of Cytogel's Second Amended and Restated Counterclaims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[35] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[36] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[37] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[38]

"The United States is immune from tort suits except as to the manner and degree that sovereign immunity is waived."[39] The Federal Tort Claims Act ("FTCA") waives sovereign immunity in tort suits against the United States caused "by the negligent or wrongful act or omission of any employee of the [federal] Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[40] The FTCA creates an exception to its waiver of

---

[35] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[36] *See* FED. R. CIV. P. 12(b)(1).
[37] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[38] *In re FEMA*, 668 F.3d at 287.
[39] *Robinnett v. State Farm Mut. Auto. Ins. Co.*, 2002 WL 1822933, at *1 (E.D. La. Aug. 8, 2002) (citing *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)).
[40] 28 U.S.C. § 1346(b)(1).

5

sovereign immunity for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."[41] For such claims, sovereign immunity is not waived.

In determining whether a claim arises out of one of these enumerated torts, courts "focus on the conduct upon which the plaintiff's claim is based. . . . Even if a plaintiff styles a claim so that it is not one that is enumerated in section 2680(h), the plaintiff's claim is still barred 'when the underlying governmental conduct 'essential' to the plaintiff's claim can fairly be read to 'arise out of conduct that would establish an excepted cause of action.'"[42]

For claims alleging misrepresentation, the Fifth Circuit applies a two-step analysis to determine whether the exception to the FTCA's waiver of sovereign immunity applies. Courts first "determine whether 'the chain of causation' from the alleged negligence to the injury depends upon a misrepresentation by a government agent."[43] For a claim to fall within the exception, it must allege "negligence in the communication of (or failure to communicate) information" and not merely "negligence in the performance of an operational task, with misrepresentation being merely collateral to such performance.'"[44] Second, courts determine "whether Congress has nonetheless waived sovereign immunity independently of the FTCA."[45]

---

[41] 28 U.S.C. § 2680(h).
[42] *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994) (citing *United States v. Neustadt*, 366 U.S. 696 (1961) *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993)).
[43] *Life Partners Inc. v. United States*, 650 F.3d 1026, 1031 (5th Cir. 2011).
[44] *Id.*
[45] *Id.*

The United States argues that, because Cytogel's LUTPA claim arises out of an alleged misrepresentation, the claim falls within the exception to the FTCA's waiver of sovereign immunity, and, as a result, it should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[46] The Court agrees. LUTPA makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."[47] "[T]he range of prohibited practices under LUTPA is extremely narrow,"[48] and a LUTPA claim requires proof of "some element of fraud, misrepresentation, deception, or other unethical act."[49]

In Count 10 of its Amended Counterclaims, Cytogel alleges Dr. Zadina, Tulane, and the VA acquired and improperly used "Cytogel's confidential information and trade secrets" and "engaged in a long-term and concerted attempt to conceal their misconduct and delay its discovery by Cytogel."[50] This claim arises out of misrepresentation and deceit. Cytogel's allegation that the VA concealed its alleged misconduct is essential to Cytogel's LUTPA claim because the alleged concealment provides the "element of fraud, misrepresentation, or other similar act"[51] necessary to state a LUTPA claim. The "chain of causation" from the VA's alleged actions to the alleged unfair trade practice depends on the VA's alleged deception and concealment of misconduct. This is a failure to communicate information, not merely an instance of negligence in performing an operational task. The alleged misrepresentation and deceit are not collateral to Cytogel's LUTPA claim.

---

[46] R. Doc. 76-1 at 1.
[47] La. R.S. § 51:1401.
[48] *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 2009-1633 (La. 4/23/10), 35 So. 3d 1053, 1060.
[49] *Tubos de Acero de Mexico S.A. v. Amer. Int'l Investment Corp.*, 292 F.3d 471, 480 (5th Cir. 2002) (quoting *Omnitech Intern., Inc. v. Clorox Co.*, 11 F.3d 1316, 1332 (5th Cir.1994)).
[50] R. Doc. 68 at ¶ 132, 135.
[51] *Tubos de Acero de Mexico S.A*, 292 F.3d at 480 (quoting *Omnitech Intern.*, 11 F.3d at 1332).

As a result, Cytogel's LUTPA claim against the United States arises out of misrepresentation and deceit for purposes of Section 2680(h). The FTCA does not waive sovereign immunity as to the claim, and Congress has not otherwise waived sovereign immunity for such a claim independent of the FTCA. This Court does not have subject matter jurisdiction over Cytogel's LUTPA claim against the United States.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff the United States' Motion to Dismiss Counts 10 and 13 of Defendant Cytogel Pharma, LLC's ("Cytogel") First Amended and Restated Counterclaims be and hereby is **GRANTED**.[52]

**IT IS FURTHER ORDERED** that Counts 10 and 13 of Cytogel's Second Amended and Restated Counterclaims[53] as against the United States be and hereby are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 17th day of September, 2018.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[52] R. Doc. 76.
[53] R. Doc. 220.