| | |
|---|---|
| THE UNITED STATES and THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND,<br>    Plaintiffs | CIVIL DOCKET |
| VERSUS | NO. 16-13987 |
| CYTOGEL PHARMA, LLC,<br>    Defendant | SECTION: "E" (1) |

## ORDER AND REASONS

Before the Court is the Refiled Motion of Plaintiff the Administrators of the Tulane Educational Fund ("Tulane") and Counterclaim-Defendant Dr. James E. Zadina, in which Plaintiff the United States of America joins, to Dismiss Defendant's First Amended and Restated Counterclaims Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Defendant Cytogel Pharma, LLC ("Cytogel") opposes Plaintiffs'[2] motion.[3] The Court already has addressed the motion as to Counts 2–3,[4] 5–8, and 10–13.[5] The Court has also addressed Count 9 as against Tulane and Dr. Zadina, but not as against the United States.[6] The Court addresses herein the remaining portions of the motion: the motions to dismiss Counts 1, 4, and 9 (as to the United States), to dismiss Cytogel's request for injunctive relief, and to strike Cytogel's Third and Fourth Affirmative

---

[1] R. Doc. 75.
[2] Dr. Zadina is not a Plaintiff in this case. R. Doc. 1. Cytogel joined Dr. Zadina as a Counterclaim-Defendant. R. Doc. 6. However, because Dr. Zadina is aligned with Plaintiffs Tulane and the United States, the Court refers collectively refers to Tulane, Dr. Zadina, and the United States as Plaintiffs.
[3] R. Doc. 83.
[4] In its Order and Reasons of September 17, 2018, the Court denied the motion as to Counts 2 and 3. R. Doc. 294.
[5] In its Order and Reasons of October 25, 2018, the Court denied the instant motion as moot as to Counts 5–8 and 10–13. R. Doc. 395.
[6] In its Order and Reasons of October 25, 2018, the Court denied the instant motion as moot as to Count 9 as against Tulane. *Id.* The motion to dismiss Count 9 as against the United States is still pending before the Court.

Defenses. For the reasons that follow, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**. The Court also **DENIES IN PART** herein the United States' Motion to Dismiss Counts 1, 8, 9, and 14 as to Counts 1 and 9.[7]

## BACKGROUND

In the 1990s, Dr. Zadina and his colleagues at Tulane University developed synthetic opioid peptides related to endomorphins, which are opioid peptides found naturally in the human body.[8] Based on their research, Tulane obtained two patents, U.S. Patent Nos. 5,885,958 ("the '958 Patent") and 6,303,578 ("the '578 Patent"), claiming these synthetic opioid compounds.[9] On December 1, 2003, Tulane licensed the '958 Patent and the '578 Patent to Cytogel.[10] After Tulane and Cytogel signed the Licensing Agreement, Dr. Zadina began performing consulting work for Cytogel pursuant to a Consulting Agreement.[11] He advised Cytogel on the development of Cyt-1010, a synthetic opioid peptide covered by the '958 and '587 Patents.[12] The Consulting Agreement included the following provision relating to ownership of intellectual property:

> [Dr. Zadina] acknowledges that any inventions, processes, methods, techniques, formulae, compounds, designs, improvements, writings, tradenames, trademarks, copyrights, patents, trade secrets and other intellectual properties that may result or emerge from materials or information provided by Cytogel, its employees or other consultants, or on the premises of Cytogel, or as a result of the consulting process, shall remain the sole and exclusive property of and for the benefit of Cytogel.[13]

---

[7] R. Doc. 301. In that motion, the United States reasserts and incorporates by reference the arguments made in the Motion to Dismiss Cytogel's First Amended and Restated Counterclaims, R. Doc. 75, as against Cytogel's Second Amended and Restated Counterclaims. R. Doc. 301-1 at 9.
[8] R. Doc. 1 at 4–5, ¶ 14–16; R. Doc. 68 at 7, ¶ 16.
[9] R. Doc. 1 at 5–6, ¶ 17–19; R. Doc. 68 at 7, ¶ 16.
[10] R. Doc. 1 at 6, ¶ 20; R. Doc. 68 at 7, ¶ 17.
[11] R. Doc. 1 at 6–9, ¶ 24–36; R. Doc. 68 at 8, ¶ 19.
[12] The parties' filings do not clarify whether Cyt-1010 is covered by the '958 Patent, the '587 Patent, or both patents.
[13] R. Doc. 1-6 at 3–4, ¶ 7–8.

Dr. Zadina was a joint employee of Tulane and the Department of Veterans Affairs ("VA").[14] He and his colleague Dr. Laszlo Hackler developed new synthetic opioid compounds for Tulane and the VA.[15] Drs. Zadina and Hackler applied for a patent for these compounds and assigned their ownership rights in the pending patent to Tulane and the VA.[16] The application resulted in U.S. Patent No. 8,716,436 B2 ("the '436 Patent"), which issued on May 6, 2014 and lists Drs. Zadina and Hackler as co-inventors.[17] Cytogel alleges that Dr. Zadina secretly developed the compounds covered by the '436 Patent while acting as a consultant to Cytogel.[18] Cytogel asserts the compounds covered by the '436 Patent are related to Cyt-1010 and result from Dr. Zadina's consulting work.[19] As a result, Cytogel claims ownership of the '436 Patent.[20]

On August 19, 2016, Tulane and the United States filed the instant action.[21] They seek declaratory judgments of ownership and inventorship of the '436 Patent, damages, and injunctive relief.[22] On September 7, 2016, Cytogel filed an Answer including affirmative defenses and counterclaims against the Tulane and the United States.[23] Cytogel joined Dr. Zadina as a defendant to the counterclaims.[24] Cytogel brings affirmative defenses on the following grounds: (1) ripeness, (2) lack of standing, (3) misappropriation of trade secrets, and (4) unclean hands.[25] Cytogel filed its First

---

[14] R. Doc. 1 at 3, ¶ 10–11; R. Doc. 68 at 5, ¶ 10.
[15] R. Doc. 1 at 9–10, ¶ 38–41; R. Doc. 68 at 16–19, ¶ 45–56.
[16] R. Doc. 1 at 11–12, ¶ 43–47; R. Doc. 68 at 18, ¶ 54.
[17] R. Doc. 1 at 11–12, ¶ 43–47; R. Doc. 68 at 19, ¶ 57.
[18] R. Doc. 68 at 20, ¶ 61.
[19] *Id.* at 16–17, ¶ 45–50.
[20] *Id.* at 26, ¶ 78.
[21] R. Doc. 1.
[22] *Id.*
[23] R. Doc. 6.
[24] *Id.*
[25] *Id.* at 14–15, ¶ 78–87.

Amended and Restated Counterclaims on April 11, 2017.[26] The following counts are addressed in this order: Count 1 for a declaratory judgment against Tulane, Dr. Zadina, and the United States that Cytogel owns the '436 Patent, Count 4 alleging breach of the Consulting Agreement against Dr. Zadina, and Count 9 alleging receipt of a thing not owed against the United States.[27]

On May 2, 2017, Plaintiffs filed the instant Motion to Dismiss Cytogel's First Amended Counterclaims.[28] On July 23, 2018, Cytogel filed its Second Amended and Restated Counterclaims and First Amended and Restated Affirmative Defenses.[29] Cytogel brings the same request for injunctive relief as in its First Amended and Restated Counterclaims.[30] Counts 1, 4, and 9 of Cytogel's Second Amended and Restated Counterclaims are substantially identical to Counts 1, 4, and 9 of Cytogel's First Amended and Restated Counterclaims.[31] As a result, the Court construes the instant motion as a motion to dismiss Counts 1, 4, and 9 and the request for injunctive relief in Cytogel's Second Amended and Restated Counterclaims pursuant to Rule 12(b)(6).

Cytogel's Third and Fourth Affirmative Defenses in its First Amended and Restated Affirmative Defenses[32] are substantially identical to the Third and Fourth Affirmative Defenses as pleaded in Cytogel's Answer.[33] Plaintiffs move to dismiss or strike Cytogel's Affirmative Defenses pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[34] Rule 12(b)(6) allows parties to assert defenses to "a claim for relief in any pleading," while

---

[26] R. Doc. 68.
[27] R. Doc. 68 at 4, ¶ 6. The Court has already addressed Count 9 as against Tulane. R. Doc. 395; *see supra* n.6.
[28] R. Doc. 75.
[29] R. Doc. 220.
[30] *Id.* at 52.
[31] *Id.* at 28–29, 31–32.
[32] *Id.* at 2–3.
[33] R. Doc. 6.
[34] R. Doc. 75-1 at 28.

4

Rule 12(f) allows a party to file a motion to strike "an insufficient defense." The Court construes Plaintiffs' challenge to Cytogel's Third and Fourth Affirmative Defenses as a motion to strike under Rule 12(f).

## RULE 12(b)(6) STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[35] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[36] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[37] "[A] motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted."[38] However, the court does not accept as true legal conclusions or mere conclusory statements,[39] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[40]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[41] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

---

[35] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[37] *Id.*
[38] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)) (internal quotations omitted).
[39] *Id.*
[40] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[41] *Twombly*, 550 U.S. at 555.

'show[n]'—that the pleader is entitled to relief."[42] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[43]

## RULE 12(f) STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An affirmative defense is "subject to the same pleading requirement as is the complaint," and a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[44] A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy."[45] The Court should not resolve disputed factual issues on a motion to strike.[46] "[E]ven when technically appropriate and well-founded," motions to strike are not to be granted "in the absence of a showing of prejudice to the moving party."[47] The decision to grant or deny a motion to strike lies within the sound discretion of the trial court.[48]

---

[42] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[43] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[44] Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999) (internal quotation marks and citation omitted).
[45] *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819,822 (6th Cir.1953)); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).
[46] *Augustus*, 306 F.2d at 868.
[47] *Abene v. Jaybar, LLC*, 802 F. Supp. 716, 723 (E.D. La. 2011) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1381 (3d ed. 2004)).
[48] *Tarver v. Foret*, No. 95-1192, 1996 WL 3536, at *1 (E.D. La. Jan. 3, 1996) (Carr, J.).

## LAW AND ANALYSIS

I.  **Counts 1 and 4 of Cytogel's Second Amended and Restated Counterclaims state plausible claims.**

Cytogel brings Count 1 for a declaratory judgment of ownership of the '436 Patent against Tulane, Dr. Zadina, and the United States.[49] Cytogel brings Count 4 against Dr. Zadina for breach of the Consulting Agreement. Plaintiffs argue the Consulting Agreement does not contain an assignment provision.[50] They argue that, as a result, Cytogel has not pleaded facts sufficient to support claims that Cytogel owns the '436 Patent in Count 1 or that Dr. Zadina breached the Consulting Agreement in Count 4.[51]

On this motion, the Court may consider the Consulting Agreement because it is attached to the Complaint.[52] The Consulting Agreement states Dr. Zadina "acknowledges that any inventions, processes, methods, techniques, formulae, compounds, designs, improvements, writings, tradenames, trademarks, copyrights, patents, trade secrets and other intellectual properties that may result or emerge from materials or information provided by Cytogel, its employees or other consultants, or on the premises of Cytogel, or as a result of the consulting process, shall remain the sole and exclusive property of and for the benefit of Cytogel."[53]

Cytogel alleges in its pleadings Dr. Zadina used information he learned from Cytogel to develop the '436 Patent compounds.[54] Among its numerous factual allegations on the subject, Cytogel describes specific information Dr. Zadina allegedly learned from

---

[49] R. Doc. 220 at 28.
[50] R. Doc. 75-1 at 20. Plaintiffs argue the use of the word "remain" indicates the Consulting Agreement does not transfer intellectual property rights, and, as a result, Cytogel cannot plausibly claim it owns the '436 Patent. *Id.*
[51] *Id.*
[52] R. Doc. 1-6.
[53] R. Doc. 220 at 3–4, ¶ 7–8.
[54] *Id.* at 20, ¶ 50.

Cytogel and used in developing the '436 Patent compounds, including the structure of the '436 Patent compounds.[55]

"The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."[56] Based on Cytogel's allegations in its Second Amended and Restated Counterclaims and the language of the Consulting Agreement, Cytogel has stated a plausible claim that the '436 Patent resulted or emerged from information provided by Cytogel to Dr. Zadina. Dismissal of Counts 1 and 4 is not appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. The Louisiana Uniform Trade Secrets Act does not preempt Count 4.

Cytogel brings Count 8 of its Second Amended and Restated Counterclaims against Tulane, Dr. Zadina, and the United States for misappropriation of trade secrets under the Louisiana Uniform Trade Secrets Act ("LUTSA").[57] Plaintiffs argue this claim preempts Count 4 of Cytogel's Second Amended and Restated Counterclaims, alleging breach of contract claim against Dr. Zadina, because LUTSA "displaces conflicting tort, restitutionary, and other laws . . . pertaining to civil liability for misappropriation of a trade secret."[58]

LUTSA's displacement of conflicting laws does not affect "contractual or other civil liability or relief that is not based upon misappropriation of a trade secret."[59] Cytogel's breach of contract claim against Dr. Zadina is based on his alleged violation of the

---

[55] *Id.* at 23–25, ¶ 67–69.
[56] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).
[57] La. Rev. Stat. § 51:1431 *et seq.*
[58] R. Doc. 75-1 at 17 (quoting La. Rev. Stat. § 51:1437(A)).
[59] La. Rev. Stat. § 51:1437(B)(1).

8

confidentiality provision and his failure to assign the '436 Patent to Cytogel.[60] This contractual claim is not based on LUTSA.[61] As a result, the Court finds Count 8 of Cytogel's Second Amended and Restated Counterclaims does not preempt Count 4.

III. **Count 9 of Cytogel's Second Amended and Restated Counterclaims does not state a claim on which relief may be granted.**

Cytogel brings Count 9 of its Second Amended and Restated Counterclaims against the United States under Louisiana Civil Code articles 2299 and 2303.[62] Article 2299 "is limited to the situation in which one person gives something of value to another because of a perceived obligation to that other, when in fact no obligation exists."[63] As the Court explained in its Order of October 25, 2018, Article 2303 is based on Article 2299 and does not create a cause of action in a third party.[64]

In this case, Cytogel does not allege it assigned the '436 Patent to the United States. Rather, Cytogel alleges Tulane and the VA wrongfully accepted ownership rights in the '436 Patent from Drs. Hackler and Zadina.[65] As a result, Count 9 of Cytogel's Second Amended and Restated Counterclaims does not state a claim against the United States on which relief may be granted.

---

[60] R. Doc. 220 at 31.
[61] *See also Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, No. 15-1720, 2015 WL 7281618, at *11 (E.D. La. Nov. 16, 2015) (permitting parallel LUTSA and breach of contract claims); *cf. Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 405 (5th Cir. 2000) (holding LUTSA and the Louisiana Unfair Trade Practices Act "merely provide parallel remedies for similar conduct"); *accord Imaginative Research Assocs., Inc. v. Ramirez*, 718 F. Supp. 2d 236, 248 (D. Conn. 2010) (interpreting a Connecticut statute with a provision identical to the LUTSA provision at issue to allow contract claims and LUTSA claims to be brought together).
[62] R. Doc. 220 at 39. In its Order of October 25, 2018, the Court granted summary judgment on Count 9 as against Tulane. R. Doc. 395.
[63] *Soileau v. ABC Ins. Co.*, 2002-1301 (La. App. 3 Cir. 3/5/03), 844 So. 2d 108, 110, *writ denied*, 2003-1558 (La. 10/3/03), 855 So. 2d 313 (internal bracket omitted).
[64] R. Doc. 395 at 21.
[65] R. Doc. 220 at 39.

### IV. Cytogel plausibly states claims for injunctive relief.

In its Second Amended and Restated Counterclaims, Cytogel requests that the Court enjoin Tulane, Dr. Zadina, and the VA from licensing or commercializing the '436 Patent or related patent applications or from infringing the '958 and '578 Patents.[66] Plaintiffs argue Cytogel is not entitled to injunctive relief.[67]

"A declaratory judgment action cannot be termed as either inherently at law or in equity. When classification has been required, courts have examined the basic nature of the issues involved to determine how they would have arisen had Congress not enacted the Declaratory Judgment Act."[68] Cytogel's claim for ownership of the '436 Patent arises under 35 U.S.C. § 261, which governs patent ownership, and its claims for infringement of the '958 and '578 Patents under 35 U.S.C. § 271, which governs patent infringement. Under 35 U.S.C. § 283, this Court may grant injunctions relating to these claims "in accordance with the principles of equity to prevent the violation of any right secured by patent." As a result, this Court has the equitable authority to grant Cytogel's requested injunctive relief. The Court denies Plaintiffs' motion to dismiss Cytogel's request for injunctive relief.

### V. Striking Cytogel's Third and Fourth Affirmative Defenses under Rule 12(f) of the Federal Rules of Civil Procedure is not appropriate.

Cytogel's Third Affirmative Defense alleges misappropriation of trade secrets as a defense to Plaintiffs' assertion of ownership of the '436 Patent.[69] The Court has denied Tulane and Dr. Zadina's motion to dismiss Cytogel's LUTSA claim.[70] Plaintiff argues

---

[66] R. Doc. 220 at 52, ¶ I, J.
[67] R. Doc. 75-1 at 28.
[68] *Wallace v. Norman Indus., Inc.*, 467 F.2d 824, 827 (5th Cir. 1972) (citations omitted).
[69] R. Doc. 220 at 2.
[70] R. Doc. 395.

10

Cytogel has not identified the allegedly misappropriated trade secrets,[71] but the counterclaim Cytogel brings under LUTSA lists five trade secrets Plaintiffs allegedly misappropriated.[72] Cytogel has sufficiently stated a claim for misappropriation of trade secrets under LUTSA.[73] Affirmative defenses are subject to the same pleading requirement as claims in a complaint.[74] As a result, Cytogel has also sufficiently pleaded its affirmative defense for misappropriation of trade secrets on the same facts as its LUTSA claim.

Cytogel's Fourth Affirmative Defense alleges unclean hands.[75] "Under the doctrine of unclean hands, he who commits inequity is not entitled to equitable relief."[76] The doctrine applies in cases in which "the wrongful acts 'in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.'"[77] The doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant . . . [and] require[s] that [the defendant] shall have acted fairly and without fraud or deceit as to the controversy in issue."[78]

In its First Amended and Restated Affirmative Defenses, Cytogel alleges Tulane and the VA accepted ownership of the '436 Patent despite being aware of Dr. Zadina's

---

[71] R. Doc. 75-1 at 29.
[72] R. Doc. 220 at 35–36, ¶ 112.
[73] The Court found genuine issues of material fact precluded summary judgment on Cytogel's LUTSA claim. *Id.*
[74] Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999) (internal quotation marks and citation omitted).
[75] R. Doc. 220 at 3.
[76] *Reg'l Properties, Inc. v. Fin. & Real Estate Consulting Co.*, 752 F.2d 178, 183 (5th Cir. 1985) (citations omitted).
[77] *Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979) (quoting *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933)).
[78] *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814–15 (1945).

contractual obligations to Cytogel under the Consulting Agreement.[79] Cytogel alleges Plaintiffs misled Cytogel repeatedly in negotiations about licensing the '436 Patent.[80] Based on these allegations of unconscionable conduct, the Court finds Cytogel has pleaded the affirmative defense of unclean hands with enough specificity and factual particularity to put Plaintiffs on fair notice of the defense. The defense does not prejudice Plaintiffs. The drastic remedy of striking the affirmative defense is not required for the purposes of justice.

As a result, the Court denies Plaintiffs' motion to strike Cytogel's Third and Fourth Affirmative Defenses as to Count 1 of the Complaint. The Court denies the motion without prejudice as to Count 2 of the Complaint. Plaintiffs may refile the motion as to Count 2 of the Complaint in connection with the second trial in this case.[81]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Refiled Motion of Plaintiff the Administrators of the Tulane Educational Fund and Counterclaim-Defendant Dr. James E. Zadina, in which Plaintiff the United States of America joins, to Dismiss Defendant's First Amended and Restated Counterclaims Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be and hereby is **GRANTED** as to Count 9 of Defendant's First Amended and Restated Counterclaims against the United States and **DENIED** as Counts 1 and 4 and the request for injunctive relief in Defendant's First Amended and Restated Counterclaims. The motion of the Administrators of the Tulane Educational Fund and Dr. Zadina to strike Cytogel's Third and Fourth Affirmative

---

[79] R. Doc. 220 at 3, ¶ 9.
[80] *Id.* at 26–27, ¶ 73.
[81] On September 20, 2018, the Court, on its own motion, ordered that there be a separate trial for Count 2 of the Complaint and Count 14 of Cytogel's Second Amended and Restated Counterclaims, which involve inventorship of the '436 Patent. R. Doc. 298.

Defenses is **DENIED** as to Count 1 of the Complaint and **DENIED WITHOUT PREJUDICE** as to Count 2 of the Complaint.[82]

**IT IS FURTHER ORDERED** that the Motion to Dismiss Counts 1, 8, 9, and 14 of Cytogel's Second Amended and Restated Counterclaims, filed by the United States pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, be and hereby is **DENIED IN PART** as to Count 1 and **DENIED IN PART AS MOOT** as to Count 9.[83]

**New Orleans, Louisiana, this 29th day of October, 2018.**

                                       *_____*
                                                       **SUSIE MORGAN**
                                    **UNITED STATES DISTRICT JUDGE**

---

[82] R. Doc. 75.
[83] R. Doc. 301.